IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT SHARNEE JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | No. 4:12-cv-00556-SWW |
| vs. | * | (No. 4:06-cr-00327-SWW) |
| | * | |
| | * | |
| | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

ORDER

On September 25, 2008, Vincent Sharnee Johnson pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (Count 1) and using, carrying, and brandishing a handgun during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2). At Johnson's sentencing hearing on August 25, 2009, the Court found that Johnson's advisory guideline range on Count 1 was 51-63 months. The Court found, however, that Johnson's Criminal History Category failed to adequately represent his actual criminal history. The Court departed upwardly and sentenced Johnson to 188 months on Count 1. The Court also imposed the mandatory consecutive 84 months imprisonment on Count 2. In addition to sentencing Johnson to a total of 272 months imprisonment, the Court denied Johnson's attempt to withdraw his guilty plea. In this respect, the Court addressed and rejected Johnson's complaints with regard to his attorney's performance, *i.e.* ineffective assistance of counsel, and his claim that the

government committed prosecutorial misconduct.[1] Johnson appealed to the United States Court of Appeals for the Eighth Circuit and on August 11, 2011, the Eighth Circuit affirmed Johnson's sentence. See *Johnson v. United States*, 648 F.3d 940 (8th Cir. 2011). Johnson filed a petition for certiorari with the Supreme Court of the United States and that Court denied Johnson's petition on January 9, 2012. See *Johnson v. United States*, 132 S.Ct. 1051 (2012).

Now before the Court is Johnson's pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [doc.#108]. The government has responded in opposition to Johnson's motion. Having considered the matter, the Court finds that Johnson's § 2255 motion should be and hereby is denied.[2]

I.

In his appeal to the Eighth Circuit, Johnson argued through counsel that:

(1) The district court erred in determining that his criminal history category under-represented his criminal history;

(2) The district court failed to adequately explain its reasons for imposing the upward departure; and

---

[1] At his change of plea hearing on September 25, 2008, Johnson acknowledged under oath that he had discussed with his attorney the case and the prospect of pleading guilty, that he was satisfied with his attorney's advice, that no one had made any other or different promise to get him to plead guilty, and that no one had attempted to force him to plead guilty.

[2] Because the record conclusively shows that Johnson is not entitled to relief, the Court decides this motion without conducting an evidentiary hearing. See *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

(3) The extent of the upward departure was unreasonable.

Johnson additionally raised in pro se pleadings the issues of ineffective assistance of counsel and prosecutorial misconduct.

In its opinion rejecting the arguments made by Johnson's attorney and affirming this Court's sentence, the Eighth Circuit stated as follows with respect to Johnson's pro se arguments:

> Johnson, who is represented by counsel, has submitted a pro se supplemental brief. "It is typically not our practice to consider pro se arguments where the defendant is represented by counsel . . . ." United States v. Moore, 481 F.3d 1113, 1114 n.2 (8th Cir. 2007). "Nevertheless, we have considered the arguments raised in [Johnson's] pro se brief[], and we conclude that they are uniformly without merit." United States v. Williams, 599 F.3d 831, 834 n.3 (8th Cir. 2010).

*Johnson*, 648 F.3d at 942 n.2.

In his petition for certiorari that was denied by the Supreme Court of the United States, Johnson states he raised the following grounds for relief:

> (1) Did the District Court violate the constitutional rights of Petitioner by not holding an evidentiary hearing based on claims of prosecution misconduct concerning the United States Attorney's offer to dismiss Count Two and Count Three if Petitioner plead guilty to Count One?;
>
> (2) Did the District Court error [sic] in not allowing Petitioner to withdraw his plea in light of ineffective assistance of counsel; and
>
> (3) In light of *United States v. Booker*, did the District Court abuse its discretion sentencing Petitioner to an unreasonable sentence by upwardly departing from the high end of the guideline range by more than 127 months?

In his § 2255 motion now before the Court, Johnson asserts the following grounds

for relief:

> (1) Petitioner was denied effective assistance of counsel during plea negotiations in violation of the Sixth Amendment and Fourteenth Amendment;
>
> (2) Did the District Court err in not holding an evidentiary hearing based on claim of prosecution misconduct concerning the Government's plea offer to dismiss Count Two and Count Three if Petitioner plead guilty to Count One?[3]; and
>
> (3) Petitioner's sentence is unsupported by the pre-sentence report. Petitioner is not a career offender.

II.

"Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Dall v.United States*, 957 F.2d 571, 572 (8th Cir. 1992) (quoted source and internal marks omitted). Johnson previously raised in his sentencing hearing the claims that he now raises in his § 2255 motion and he appealed them to the Eighth Circuit. Both courts rejected his claims. Johnson again raised these claims in his petition for certiorari before the Supreme Court of the United States, which was denied. He cannot relitigate them in a § 2255 motion. *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005).

IT IS THEREFORE ORDERED that Johnson's 28 U.S.C. § 2255 motion to

---

[3] Johnson claims the Court erred in not holding an evidentiary hearing based on his claim of prosecution misconduct but during the sentencing hearing the Court offered Johnson a chance to introduce any evidence, including testimony from the stand, that he desired concerning his claim. Johnson, however, declined to do so.

vacate, set aside, or correct his sentence [doc.#108] be and hereby is denied.[4]

Dated this 12th day of October 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] Johnson's motion for leave to proceed in forma pauperis [doc.#107] is denied as moot.